May Term,
1859.

TARDY
v,
HOWARD.

---

## TARDY *v.* HOWARD and Another.

Complaint against *A.* and *B.* for unlawfully taking and detaining personal property. The property was delivered to the plaintiff, upon his giving an undertaking, &c. Answers, 1. In denial. 2. By *A.*, property in a stranger. 3. By *B.*, property in himself. Trial by jury; verdict as follows: "We the jury, find for the defendants."

*Held,* 1. That the verdict being general, embracing all the issues, it finds the property to be in *B.* and also in a stranger, and hence, is inconsistent with itself, and bad.

2. That the verdict did not authorize a judgment for a return of the property, because it did not determine the value of the property.

3. That the verdict amounts to nothing more than a finding for the defendants on their denial of having taken the property; and that, in this view, the objection for inconsistency is obviated, and the verdict may stand, if the defendants see proper so to treat it.

*Wednesday,*
*June 8.*

APPEAL from the *Switzerland* Circuit Court.

WORDEN, J.—Complaint by the appellant against the appellees for unlawfully taking and detaining fifty tons of hay, the property of the plaintiff.

The property was taken by the coronor (to whom the writ was directed), and delivered to the plaintiff, on his giving an undertaking, as required by law.

Answers, in denial, and by *Howard,* that the property

was in one *William Wilson*, and by *White*, that the property was in himself.

Trial by a jury, who returned the following verdict, viz.: "We the jury, find for the defendants."

The plaintiff moved to set aside the verdict for the reason, amongst others, that it did not find the value of the hay, or to whom it belonged; but the motion was overruled, and judgment was rendered for the defendants for costs, and for a return of the hay. The plaintiff excepted.

The verdict is a general one, embracing all the issues, and in that view it finds the property to be in *White*, and also in *Wilson*. Thus it is repugnant and inconsistent with itself. Such a verdict has been held bad in *Ohio*. *Hewson* v. *Saffin*, 7 Ham. 223. The Court, in that case, in quoting the language of Judge STORY, in *Barrett* v. *Stearns*, 1 Mas. 447, say: "If there be a material repugnancy in the verdict, it is not competent for the Court to decide which is the truth of the case; and if it were otherwise, there is no authority to substitute its own opinion for that of the jury. In such case, the repugnancy will be fatal."

The evidence not being before us, we are not advised on what ground the jury found for the defendants; whether because the property was *White's* or *Wilson's*, or because the defendants had not taken or detained it.

But passing over the repugnancy of the verdict, we are of opinion that it does not authorize a judgment for a return of the property.

The statute provides that where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for a return of the property, or its value, where a return cannot be had. 2 R. S. p. 122. It also provides that the jury must assess the value of the property, whenever by their verdict there will be judgment for a return. *Id.* p. 115, § 339.

If the verdict be taken to have determined the title to be in *White* or *Wilson*, or both, so as to authorize a judgment of return, the plaintiff was entitled to have the same jury determine its value, so as to furnish the measure of dam-

May Term,
1859.

THE INDIAN-
APOLIS, &c.,
RAILRO'D Co.
v.
PARAMORE.

ages in case it could not be returned. Here is omitted a positive requirement of the statute; and without a compliance with this requirement we think no return can be awarded.

If the verdict, as it stands, cannot have the effect of authorizing a judgment for a return of the property, it amounts to nothing more than a finding for the defendants on their denial of having taken it, and in that view, the objection on the score of repugnancy is obviated. In that view, we think the verdict may stand, if the defendants see proper to treat it merely as passing upon the question of taking and detaining the property. [But see *Chissom* v. *Lamcool*, 9 Ind. R. 530.]

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings, with leave to the defendants to take judgment on the verdict against the plaintiff for costs in the Circuit Court, or, at their option, to move to set aside the verdict for not assessing the value of the property so as to enable them to take judgment for a return.

*S. Carter*, for the appellant.