June Term,
1860.

CHILD et al.,
v.
CHILD.

</div>

---

## CHILD and another vs. CHILD.

In replevin before a justice of the peace, under the Revised Statutes of 1849, the plea of "not guilty" put in issue all the material allegations in the complaint.

Where the complaint in such action alleged that the plaintiff was the *owner* of certain personal property which the defendant unlawfully detained, and upon the issue of "not guilty" the jury found that the plaintiff was entitled to the possession of the property and assessed its value and damages for its detention, but did not pass upon the question of *title* to the property, the verdict was defective in substance and a new trial should be awarded.

A judgment in such case reciting that the jury found that the plaintiff was the *owner* of the property in controversy, is not sustained by the verdict. The judgment should follow the verdict and not embrace issues which the jury did not determine.

A party to maintain replevin must, at the time of caption, have either the general property in the goods sued for, or a special property therein, and the affidavit, when it constitutes the declaration or complaint, should state the plaintiff's case as he expects to prove it on the trial.

ERROR to the Circuit Court for *Rock* County.

The case is stated in the opinion of the court.

*Knowlton, Prichard & Jackson*, for plaintiffs in error, cited, as to the insufficiency of the verdict, R. S., 1849, chapter 88, sec. 146 ; *Ford vs. Ford*, 3 Wis., 399 ; *Heeron vs. Beckwith*, 1 id., 17 ; *Smith vs. Phelps*, 7 id., 211; *Pulis et al. vs. Dearing*, 7 id., 221; *Miller vs. Tret*, 1 Ld. Raymond, 324 ; *Patterson vs. United States*, 2 Wheat., 225 ; *Bemus vs. Beekman*, 3 Wend., 676.

*Conger & Hawes*, for defendant in error, cited in support of the verdict, R. S. 1849, chap. 88, sec. 150 ; *Heeron vs. Beckwith*, and *Ford vs. Ford, supra.*

*By the Court*, COLE, J.   This action of replevin was origi- November 19. nally commenced before a justice of the peace under the provisions of chap. 88, R. S., 1849. The defendant in error stated in substance, in his complaint, that he was the owner of certain

VOL. XIII—2

personal property therein named, giving the value thereof; that said property had been wrongfully taken from his possession by *Francis B. Child*, the plaintiff in error, who wrongfully detained the same and refused to deliver it to him; that he was lawfully entitled to the possession of the property, &c. The defendant, before the justice, pleaded not guilty to the complaint. A trial was had which resulted in favor of the plaintiff in that court, and an appeal was taken to the circuit court, the defendant entitling himself to retain possession of the property in the meantime by filing an affidavit under chapter 272, Sess. Laws, 1852. On the trial in the circuit court, the jury found that the plaintiff was entitled to the possession of the property described in the complaint, and likewise found the value thereof, and assessed the damages for the detention. Judgment was rendered upon this verdict, against the appellant, and the surety in the undertaking on appeal, for the return of the property, and for damages for the detention and for costs, and if the property was not returned, then that the respondent recover of the appellant and surety the value thereof as assessed by the jury. There is another clause in the judgment, to which an objection is taken, namely, that which recites that the jury found by their verdict that the respondent was the owner of the property described in the appeal, &c. A glance at the verdict will show that the jury did not pass upon the issue of title to the property, and that upon this point the judgment is not sustained by the finding. As a matter of course the judgment should follow the verdict, and could not properly embrace issues not determined by the jury. This is very obvious. And further, it appears to us that the objection taken to the verdict as being defective in substance for not passing upon all the material matters put in issue by the pleadings, must prevail. It is manifest that, by the pleadings, title to the property, as well as the wrongful taking and detention thereof by the defendant, was put in issue. The defendant in error, in his complaint, alleged that he was the owner of the property, and that it had been wrongfully taken from his possession, and these allegations were traversed by the plea of not guilty. For, by sec. 146, chap. 88, R. S., 1849, the scope

and effect of that plea was to put in issue all the material matters alleged in the complaint. And the jury should have passed upon these issues, (*Heeron vs. Beckwith*, 1 Wis. R., 17; *Dimond vs. Downing*, 2 id., 498; *Ford vs. Ford*, 3 id., 399; *Swain vs. Roys*, 4 id., 150; *Smith vs. Phelps*, 7 id., 211; *Ronge vs. Dawson*, 9 id., 246), and upon the fact of ownership or title to the property.

The counsel for the defendant in error contends that, under the statute, the jury was not required to pass upon the question of title, or wrongful taking of the property. But it must be conceded that those matters were averred in the complaint and denied by the plea. They were most material facts to be determined by the jury. And however the case might have been varied had the defendant in error not alleged in the complaint that he owned the property, but merely that he was entitled to the possession of it, &c., which facts had been controverted by the adverse party and put in issue by the pleadings, still, as title to the property was alleged to be in him, and this as well as all other facts denied, how could the question of title be ignored by the jury? The parties had made up the issues which the jury were called upon to try and determine, and these issues should have been passed upon in the verdict. As they have not been, there must be a new trial.

I will add also, that it is my own opinion, that in an action of replevin in the justice's court, where the pleadings were framed in conformity to the provisions of chapter 88, the title to the property is generally put in issue. It is true that section 139 provides what the affidavit for the writ shall contain, and does not require that the party should swear that he owned the property. A party, to maintain replevin, must, at the time of caption, have either the general property in the goods taken or a special property therein. 1 Chitty's Plead., p. 163; *Gillett vs. Treganza*, 6 Wis., 343. The general property might be in one person while the right to the immediate possession was in another. The form of the affidavit given is adapted to a case where the plaintiff was then lawfully entitled to the possession. But if, in addition to being entitled to the possession, he was the owner of the

property, he should so allege in the complaint. Section 146 declares that the complaint made in the affidavit should be deemed the declaration. It should therefore contain the plaintiff's case as he expected to establish it by evidence on the trial. If he owns the property he should so allege, so that he may have judgment for its value when it has not been replevied. This is the usual form of the complaint, the action being generally brought by the party having both the title and the right to possession in himself. That the statute contemplates a case where title comes in issue, is clear from section 157. For by that section it is provided that if the jury shall find the property of part of the goods and chattels replevied to be in the plaintiff, and the residue thereof to be in the defendant, they shall find and certify in their verdict the value of the part belonging to the plaintiff, and also the value of the part belonging to the defendant, as it was at the time it was replevied; and in such case the defendant should have judgment for the value of his part of the property replevied, or judgment for the return of such part, in the discretion of the court. Now the counsel for the defendant in error seem to suppose that the statute did not contemplate and intend that the jury should pass upon the question of title when raised by the pleadings, but merely upon the right of possession, and that even if the title, as well as the right of possession, is alleged to be in the plaintiff, the former allegation is immaterial matter and can be disregarded by the jury, providing they pass upon the right of possession. But I do not so understand the statute. When the plaintiff alleges title in himself, that becomes an issue when traversed, and is to be disposed of like any other issue. And the jury might as well ignore the right to the possession, or the wrongful taking and detention, as the title to the property, when the latter fact is in issue.

Therefore, as the verdict was defective in substance in this case, the judgment of the circuit court is reversed, and a new trial awarded.