<hr/>

APPLETON vs. BARRETT and others.

*Verdict in Replevin.*

In replevin, the title to the property, as well as the present right of possession, being in issue, defendant is entitled to have the former question passed upon by the verdict.

APPEAL from the Circuit Court for *Sheboygan* County.

Replevin, for a great variety of chattels, some of which are described in the schedule attached to the complaint as, " at passenger depot, Sheboygan, and freight house adjacent;" others as " at Plymouth station;" "at Glenbeulah station;" " on Sheboygan engine;" " in shop," etc., etc. The plaintiff alleges ownership and right of possession in himself. The answer, after a general denial, alleges that the goods are the property of the Sheboygan & Fond du Lac R. R. Co.; that defendant is the receiver of said company, duly appointed by order of court, etc.; that *part* of the property came into his possession as such receiver, by virtue of said order; that defendant never claimed any other possession or control over it except by virtue of said order; and that he had never been in the possession of the rest of said property.

The jury found that plaintiff was entitled to recover the possession of certain described articles mentioned in the

complaint, and assessed the value thereof, with damages for the detention. Judgment in plaintiff's favor in the alternative for the possession or the value, and for the damages, etc.; and defendant appealed.

*J. A. Bentley*, for appellant, cited *Child v. Child*, 13 Wis., 17; *Smith v. Phelps*, 7 id., 211; *Swain v. Roys*, 4 id., 150; *Ronge v. Dawson*, 9 id., 246; *Rose v. Tolly*, 15 id., 443; *Paterson v. U. S.*, 2 Wheat., 221; *Bemus v. Beekman*, 3 Wend., 667.

*E. S. Bragg*, for respondent. [No brief on file.]

Dixon, C. J. The title of the property, as well as the right of possession, was in issue by the pleadings. The jury have found only that the plaintiff is entitled to the possession of the property specified in the verdict. The issue as to the title is undetermined. In the action of replevin both parties are considered as actors. It may be that the title to the property was in the defendant, the plaintiff having only the present right of possession. The question of title, therefore, is, or may be, one of much interest to the defendant, and he is entitled to have it settled in this action. The verdict being in this respect defective, the judgment must, according to the decision of this court in *Child v. Child*, 13 Wis., 17, be reversed, and a new trial awarded.

*By the Court.*—Ordered accordingly.