———o———

THE STATE OF MISSOURI, *ex rel.* THOMAS W. JOHNSON and HARRIET JOHNSON, Respondent, *vs.* RICE A. DUNN, JOSEPH WILLIAMS and LEMUEL DUNN, Appellants.

1. *Practice, civil—Depositions—Objections to should be made, when.*—After parties have been induced to go to trial with the belief that depositions will be admitted in evidence, it is too late to raise objections to irregularities in their taking—such as that the notice was insufficient.

2. *Replevin—Verdict—Failure to assess the value of property—Judgment ordering return—Party entitled to receive property, when.*—A judgment for the return of property in a replevin suit, under a verdict which fails to find the value of the property to be returned, is erroneous, but in the absence of any appeal therefrom is not void; and in such case, if the party recovering elects to have the property returned, and demands the same, he is entitled to receive it.

3. *Replevin—Indemnifying bond—Solvency of sureties—Damages.*—Where only one of the sureties on the indemnifying bond in a replevin suit is a resident householder, the instrument may be technically defective, but if he be good for the amount of the bond, only nominal damages can be obtained for the breach.

4. *Replevin—Indemnifying bond—Seal.*—An indemnifying bond in a replevin suit need not be under seal.

State ex rel. v Dunn, et al.

*Appeal from Caldwell Circuit Court.*

*Crosby Johnson*, for Appellants.

I. The depositions should have been admitted. (Tindall vs. Johnson, 4 Mo., 113 ; Cabanne vs. Walker, 31 Mo., 274; Delventhal vs. Jones, 53 Mo., 460; Parsons vs. Parsons, 48 Mo., 405.)

II. The court was bound to enter up the judgment conformably to the verdict. (Bartling vs. Jamison, 44 Mo., 141 ; 8 Mo., 45 ; 27 Mo., 396 ; Emmons vs. Dow, 2 Wis., 322.)

The court could not award the return of the property. (Ford vs. Ford, 3 Wis., 399 ; Heeron vs. Beckwith, 1 Wis., 17; 22 Wis., 568; 30 Wis., 200 ; 13 Wis., 17 ; Tardy vs. Howard, 12 Ind., 404.)

III. One of the sureties being responsible, only nominal damages could be recovered. (Lord vs. Bicknell, 35 Me., 53 ; Glezen vs. Rood, 2 Metc., 490; Gallarati vs. Orzer, 27 N. Y., 324.)

*Hoskinson & McLaughlin*, for Respondent.

The bond was insufficient and the sureties thereon are liable. (See State vs. Boisliniere, 40 Mo., 568.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover damages for the breach of the official bond of a constable.

Rice A. Dunn was elected constable of Kingston township, Caldwell county, Missouri, and entered upon his duties as such, the defendants, Lemuel Dunn and Joseph Williams, becoming sureties on his bond as such constable. The bond is in the usual form. The breaches of the bond averred in the plaintiff's petition are as follows : that the Grover & Baker Sewing Machine Company, on the 18th day of November, 1870, instituted a suit before a justice of the peace, under the statute for the " Claim and Delivery of Personal Property" in justices courts; (2 Wagn. Stat., 817) that the suit was commenced by said company to recover from

the relators in this action the possession of a sewing machine, of the Grover & Baker pattern, which, it is charged, belonged to said company, and was detained by relators. An order of delivery was issued by the justice and placed in the hands of the defendant Rice A. Dunn, as constable as aforesaid, to be by him executed as the law directs. It is alleged that said constable did, on or about the 18th day of November, 1870, proceed to execute said order for the delivery of the possession of said sewing machine, and did then and there take the said machine from the possession of the relators, and unlawfully deliver the same to the said Grover & Baker Sewing Machine Company, without first requiring said company to deliver to him, the said constable, a bond for the return of said property upon the conditions required by law; that he failed and refused to take any bond at all in said cause; that the instrument taken by him was not under seal; that the sureties thereon were not at said time, nor have they since become, resident householders or freeholders within said county of Caldwell; that after the delivery of said property to said company such further proceedings were had in said cause, in said justice's court that on the 16th day of January, 1871, the relators recovered in said cause a judgment to the effect that said sewing machine company was required to return to said Thomas and Harriet Johnson said sewing machine, and that said relators at the time elected to take said property in place of the assessed value thereof as assessed in said judgment; that the said sewing machine company failed and refused to deliver said machine to the relators, as required by said judgment, and still refuse so to do; that in consequence of the failure of said constable to take the bond required by law from the said sewing machine company to indemnify relators, they are left wholly without remedy except by this action; that the relators were the owners of said machine at the time of the taking and delivery thereof to said company by said constable as aforesaid; that the same was worth seventy dollars; that by reason of the said taking, etc., relators are damaged in the sum of sixty dollars, etc.

The defendants, in their answer, aver that relator Harriet Johnson is a married woman, the wife of her co-relator ; that said defendant, Rice A. Dunn, did in conformity with the statute take a bond in said case, pending before the justice of the peace. for a sufficient amount to indemnify relators, which bond was taken in strict conformity to the law ; that the sureties thereon were solvent, and such as are designated by the statute. etc.

The defendants fully denied all other material allegations stated in the petition. The plaintiff replied, denying the affirmative averments in the answer, except that relators were husband and wife.

The case was tried by the court, and judgment rendered for the plaintiff in the sum of forty dollars and costs.

The defendants filed a motion for a new trial, which being overruled by the court, they excepted and have appealed to this court.

During the trial of the case there were a great many objections made and exceptions saved by the respective parties, but it will not be material to a proper disposition of this case that we should notice any but a few of the most prominent ones.

The constable's bond, read in evidence, was in the usual form, and the bond taken by the constable, was in conformity to the sixth section of the act concerning the " Claim and Delivery of Personal Property " in justices' courts, and was not under seal. It was, however, shown that one of the sureties on the bond was not a resident, nor householder or freeholder of the county of Caldwell, as is required by the 8th section of the act before referred to. The evidence tended to prove that the other surety came within the provisions of the law, and was at the time sufficient and solvent.

A transcript of the proceedings before the justice of the peace in the action for the delivery of the sewing machine referred to and described in the plaintiff's petition, was read in evidence. The judgment rendered by said justice in said cause, was as follows : " January 16th, 1871.—The above

cause coming on to be heard, both parties being present and ready for trial, a venire being issued and returned with the following names, to-wit: * * * * six good and lawful men, who are duly sworn, and, after hearing the evidence, returned with the following verdict: ' We, the jury, find for the defendants and assess the damages at twenty-five cents;' it is therefore considered by the court that plaintiff return the property as taken to defendants, or that he and his sureties, Morton and Johnson, pay the said defendant —— dollars at the discretion of defendants, and also pay double the damages assessed for the detention of said property, to-wit: the sum of fifty cents, and his costs in this suit, and that they have execution therefor."

The plaintiff offered evidence tending to prove that the machine in controversy was the property of relator T. W. Johnson, and that it was worth fifty-five dollars.

The defendants on their part introduced evidence which tended to prove that neither of the relators were the owners of the machine, in question before the justice.

It was also shown that, after the rendition of the judgment by the justice, the plaintiff in that case had paid off the judgment rendered for damages and costs, and that the relator T. W. Johnson had demanded of the constable and the agent of the Grover & Baker Sewing Machine Company a return of the machine replevied—which was never returned.

The court at the request of the plaintiff declared the law to be as follows:

"1st. The court declares the law to be that, if Rice A. Dunn, constable of Kingston township, Caldwell county, took from the possession of the relators the machine in question, without first requiring the Grover & Baker Sewing Machine Company to execute and deliver a bond, signed by two resident householders or freeholders of Caldwell county, to indemnify the relators in the action of replevin by the Grover & Baker Sewing Machine Company against the relators, before M. D. Northrup, a justice of the peace of Kingston township, in said county and State, then, and in that

event, the said Rice A. Dunn and his sureties on his official bond, as constable, are responsible for all damages relators sustained in consequence of the deficiency of said bond."

"2d. The measure of damages in this case is the value of relators' interest in the sewing machine and attachments at the time the same were taken from them."

These declarations of law were objected to by the defendants, and exceptions saved.

The defendant then asked the court to make some eighteen declarations of law; but as they involve but few principles of law it will only be necessary to notice a few of them.

One of the declarations of law so asked by the defendants was to the effect, "that if one of the sureties on the bond taken by Rice A. Dunn as constable in the replevin suit before justice Northrup, was a resident freeholder of Caldwell county, and was worth the sum of two hundred dollars over and above all just debts and exemptions; and if he had not yet removed from said county, or become insolvent, then the court will find for the plaintiff; but its damages will only be assessed at one cent."

Another of said declarations of law assumed that, if the bond taken in the replevin suit before the justice was in the form required by the statute, it would be valid and binding notwithstanding it was not executed under the seals of the parties thereto.

The first of these declarations of law on the part of the defendants was refused, and the last was given by the court, and exceptions were at the time saved.

In this court, it is first objected that the Circuit Court erred in excluding the deposition offered in evidence by the defendants on the trial of the cause. The deposition had been taken in the previous case prosecuted before justice Northup, for the recovery of the sewing machine, wherein the Grover & Baker Sewing Machine Company was plaintiff, and the relators in this case were defendants. The relators had notice of the time and place of taking the deposition, and it had been filed in this cause as a deposition to be read on the trial

at a term of the court previous to the one at which the trial took place. No motion had been made to suppress the deposition; but the objection was made to the reading of the same as evidence in the cause, on the ground that there was no sufficient notice given to the relators of the taking thereof, and on the ground that the parties to the action in which the deposition was taken were different from the parties in the present action. Without deciding that a motion to suppress would not have been properly sustained, for the objections raised to the deposition, if made in time, it may be said that it is too late to make such objections on the trial after the party has been induced to go to trial, with the belief that no such objections will be made. Such a practice would be unfair and lead to injustice. (Delventhal vs. Jones, 53 Mo., 460.) The deposition, however, excluded in this case only tended to prove to whom the sewing machine belonged, which was in controversy in the trial of replevin suit before the justice of the peace; and according to my view, had no applicability to the matters in issue in the present case, and although the evidence was excluded under the circumstances for a wrong reason, the defendants were not injured thereby, and the judgment would not be reversed for that reason.

It is next insisted that no return of the property could be required by the judgment of the justice under the verdict rendered by the jury in the justice's court. The verdict was for the defendants, assessing their damages at the sum of twenty-five cents. There is no finding in reference to the ownership of the property or the right of possession, or the value thereof. It is insisted that under such a verdict no judgment could be rendered by the justice for a return of the property, and that no recovery could be had against the constable and his sureties for the failure of the plaintiffs in that suit, to return the machine in conformity to the order wrongfully made by the justice.

There is no doubt but the judgment of the justice was erroneous. It was improper to render any judgment for a return of the property under a verdict which failed to find the

value of the property to be returned. The statute requires that such value shall be found so that an election may be made by the successful party, whether he will receive the damages or the property to be returned. (2 Wagn. Stat., 819, §§ 14. 15 ; Tardy vs. Howard, 12 Ind., 404; White vs. Van Houten, 51 Mo., 577; Appleton vs. Barrett, 22 Wis., 568.)

There is no doubt but that a judgment rendered on such a verdict, is erroneous and would be reversed on appeal ; but the question is, is such a judgment absolutely void, when not appealed from ? It seems to me that it is not void, but that in such case where no appeal is taken and the successful party elects to have a return of the property, and demands the same, he is entitled to receive it.

The declarations of law asked for by the plaintiff—it is next insisted—were wrongfully given by the court. So long as it appears that the bond, taken by the constable for the delivery of the property, was in the form required by the statute, and that one of the sureties was a resident freeholder of the county, with property sufficient to pay for all damages for a failure to re-deliver the property, where such re-delivery is required, the relators were not injured by the default of the constable. It is true there is a technical breach of the bond which may give the relators a right of recovery in such an amount as they have been damaged, as is stated in the first declaration of law as given by the court; but the court wrongfully declared in the second instruction that the measure of the damages was the value of the relators' interest in the property in controversy. The declaration of law asked for by defendants, to the effect, that, if there was one solvent surety on the bond, who was at the time a resident freeholder of the county, and who still remained solvent, against whom relators had a remedy, the damages to the relators would only be nominal, ought to have been given. The evidence in the case fully sustained the allegations that as to one of the sureties, the law had been complied with, and that he was still solvent and responsible. In such case there was only a technical breach of the bond which could do the relators no real

damage, and only nominal damages should have been recovered. At least the declaration of law should have been given. (Glezen vs. Rood, 2 Metc. [Mass.], 490), and it makes no difference in this case that the bond was not sealed with the seals of the parties. The form, set forth in the statute, is neither sealed nor does it purport to be sealed further than the word *bond* would import a seal.

The judgment will be reversed, and the cause remanded ; the other judges concur.