DAVID B. HOWARD, PLAINTIFF IN ERROR, v. JOSEPH E. LAMASTER, DEFENDANT IN ERROR.

1. **Bill of Exceptions.** A bill of exceptions must be submitted to the adverse party for examination and amendment before being signed by the judge, and if not thus submitted, may be quashed.

2. ———: If there is no receipt or other evidence in the record, an affidavit stating the delivery of the bill to the adverse party must show when and to whom the bill was delivered.

MOTION to quash bill of exceptions.

*A. C. Ricketts*, for the motion.

*Harwood & Ames, contra.*

BY THE COURT.

This is a motion to quash a bill of exceptions upon the ground that the bill was not submitted to the adverse party for examination and amendment before it was signed by the judge. There is no receipt or other evidence in the record tending to show that the bill was ever submitted to the defendant in error, or his attorneys, and Mr. Ricketts has filed an affidavit denying specifically that such bill was ever submitted to him or the defendant. To offset this, one of the plaintiff's attorneys has filed an affidavit, wherein he denies the truth of that of the attorney for the defendant, but fails to state any facts showing *where* or to whom he delivered the bill for examination. An affidavit, like a pleading, must state facts, and not mere conclusions of law—that is, the affiant must state the time and manner of performance. Unless the bill was submitted to the adverse party for examination and amendment, the judge had no authority to sign the same. *Uhling v. Schellenberg,* 12 Neb., 609. The object of the statute in requiring it to be thus submitted to the adverse party is to obtain an accurate bill.

The motion to quash must be sustained.

MOTION SUSTAINED.