LOUISA DEGERING, PLAINTIFF IN ERROR, V. SABINA FLICK AND JOSEPH FLICK, DEFENDANTS IN ERROR.

Replevin: FINDING: JUDGMENT. In an action of replevin, where the goods had been delivered to the plaintiff, the justice before whom the case was tried made a finding as follows: "I do find for the plaintiff and against the defendants for the goods and for all the costs of this action by her expended." *Held*, Sufficient to sustain a judgment in favor of the plaintiff.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*Batty & Ragan*, for plaintiff in error.

*Tanner & Capps*, for defendants in error.

MAXWELL, J.

In January, 1883, the plaintiff brought an action of replevin against the defendants before a justice of the peace of Adams county, to recover certain wearing apparel. The property was taken on the order of replevin, and delivered to the plaintiff upon her giving the undertaking required by law. On the trial of the cause the justice made the following finding and judgment: "I do find for the plaintiff and against the defendants for the goods and for all the costs of this action by her expended. Wherefore it is by me considered and adjudged that the plaintiff do have and recover from the defendants the peaceful possession of the goods here in controversy, together with all the costs of this action herein expended by plaintiff and taxed at $8.10, and she have execution hereon." The case was taken on error to the district court, the errors assigned being that the finding would not sustain the judgment. The district court reversed the judgment of the justice and held the case for trial. The plaintiff brings the case into this court by petition in error.

Degering v. Flick.

Sec. 1042 of the code provides that: "In all cases, when the property has been delivered to the plaintiff, where the jury shall find for the plaintiff, on trial, or on inquiry of damages, they shall assess adequate damages to the plaintiff for the illegal detention of property, for which, with costs of suit, the justice shall render judgment against the defendant."

The finding in this case is informal but it is not void. Properly the finding should have been that he found the right of property and right of possession thereof at the commencement of the action in the plaintiff, and then have assessed the damages. But liberally construed the finding amounts to that. It is equivalent to finding the issues in favor of the plaintiff—in other words, a general finding that the cause of action is sustained. This includes the right to the immediate possession of the property, and where the ownership is put in issue, the title also. This court will construe proceedings of a justice of the peace very liberally in all matters of mere form; nor will a purely technical objection be sufficient cause for reversal unless the person complaining of the error has suffered injury thereby. It is the policy of the law to encourage trials upon the merits in order that justice may be administered, and he that relies upon purely technical grounds for the reversal of a case must show that he has sustained injury by the alleged errors. No prejudice is shown in this case, the court therefore erred in reversing it. The judgment of the district court is reversed, and that of the justice reinstated.

JUDGMENT ACCORDINGLY.