JORGEN MADSEN, PLAINTIFF IN ERROR, V. NORFOLK MILL CO., JOHN E. OLNEY, A. J. DURLAND, AND DANIEL DESMOND, DEFENDANTS IN ERROR.

1. **Bill of Exceptions.** When a bill of exceptions is signed without being submitted to the adverse party for examination and amendment, a motion to quash the same will be sustained.

2. ———: PRESUMPTION. There being no bill of exceptions, it will be presumed that the evidence sustains the decree of the district court.

ERROR to the district court for Madison county. Tried below before BARNES, J.

*George N. Beels,* for plaintiff in error.

*Brome & Durland,* for defendants in error.

REESE, J.

This is a proceeding in error for the purpose of reversing the judgment of the district court of Madison county. The bill of exceptions was presented to and signed by the trial judge without first having been served upon or submitted to the defendant in error or its attorney. The defendant in error files a motion in this court to quash the bill of exceptions, and the case is submitted upon the motion and generally.

In *Uhling v. Schellenberg,* 12 Neb., 609, this court has decided that where a bill of exceptions was signed without being submitted to the adverse party for examination and amendment, a motion to quash must be sustained. That case is decisive of this. The motion to quash is sustained.

The case being submitted for final decision, we have examined the proceedings so far as is shown by the record, and find no error appearing upon the face thereof. The issues were properly formed and the cause was tried to the court, who found for the defendant. It must be presumed that the finding was supported by sufficient evidence. *White v. Rourke,* 11 Neb., 519. The decree of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.