HENRY F. RHODES v. I. L. THOMAS,

AND

HENRY F. RHODES v. PETER HAVELIK.

· [FILED MAY 6, 1891.]

Findings: TRIAL TO COURT. When an action at law is tried to a court without a jury, the finding of fact by such court is a substitute for, and stands in lieu of, a verdict of a jury, and need be no more specific than the verdict of a jury upon the same pleadings and evidence. (*Ransdell v. Putnam*, 15 Neb., 642.)

ERROR to the district court for Valley county. Tried below before TIFFANY, J.

*A. M. Robbins,* for plaintiff in error.

*A. Norman,* and *E. M. Coffin, contra.*

Cases cited by counsel are discussed in opinion.

COBB, CH. J.

The two causes stated are brought on error from the district court of Valley county, by the same plaintiff in error, and are considered and reported together as involving the same or like questions.

· On October 17, 1888, Thomas recovered a judgment against Rhodes for $69.15, rendered by J. M. Provins, a

justice of the peace, and for costs. On the same day Havelik recovered a judgment against the same party for $17.22, rendered by the same justice, and for costs.

The justice entered his judgment as follows:

"October 17th, 1888, 9 A. M.   Court convenes and defense proceed with examination of witnesses, after which case is argued by attorneys and submitted to the court with the following finding: October 17th, 1888.   After hearing the evidence, it is therefore considered by me that the plaintiff have and recover from the defendant the sum of $69.15, together with costs taxed at $49.15."

The language in the other case is exactly the same except as to the amount of judgment.

The plaintiff in error in his brief states that after a transcript had been issued in each case, and a petition in error filed in each case in the district court, the justice of the peace procured the papers from the district clerk and inserted, by interlineation, in the transcript, and also on his docket after the word "finding," in one case the words "of $69.15 due from defendant to plaintiff," and in the other case, in the transcript after the word "finding," the words "of $17.22 from defendant to plaintiff."   The words so interlined were, on motion in the district court, stricken out as immaterial and unlawfully inserted, but the court still held that the judgment was good without any further finding of facts, and affirmed the judgment of the lower court.

The plaintiff in error contends that there is no finding of facts to support the judgment of the justice's court and that it was error of the district court to affirm it; that the cause of action and defense each consisted of items and charges of claims and counter-claims, and that a judgment cannot be upheld that makes no findings upon the facts or items of the respective bills of the parties either in favor of one or the other contesting claimants, and cites the case of *Crossley v. Steele*, 13 Neb., 221, in which the court says: " Section 297 of the Civil Code clearly provides that

54

in all actions tried by them there must be a general finding, and if requested and when requested by one of the parties, a special finding, and if this finding is uncertain or indefinite it will not maintain a judgment," and " the necessity of a finding seems to be as great in cases tried before a justice of the peace, as in cases tried in courts of record. There must therefore be a finding of facts in all cases tried before a justice of the peace where a jury is waived."

That a judgment is not a finding; nor a finding of fact a judgment. (*Brounty v. Daniels*, 23 Neb., 164.)

That it is the right of the plaintiff to know upon what findings of fact the court bases its judgment, and if there stands upon the record the bare and naked decree of court that plaintiff or defendant recover, without first finding anything due from one to the other, or without finding the issues generally in favor of one or the other, it deprives the parties of a right which they are by statute as well as common law entitled to, to-wit, to know why the judgment so stands against them, and what findings of facts that judgment is to make operative. The finding gives direction to the judgment and the judgment gives effect and force, and carries into operation the finding.

That if the finding is obscure or uncertain it will not support a judgment. (*Sprick v. Washington County*, 3 Neb., 255; *Demming v. Weston*, 15 Wis., 236.)

That it should be as specific as, and stands in the place of, a verdict. (*Ransdell v. Putnam*, 15 Neb., 644.)

We consider that portion of the plaintiff in error's argument referring to certain words of the justice's transcript and findings ordered to be stricken out in the district court, as not material to the consideration of the case.

The question is not raised that there was not a judgment rendered in the justice's court, but simply the one proposition, Is there a sufficient finding to support the judgment?

In the case of *Ransdell & Reed v. Putnam*, 15 Neb., 643,

Rhodes v. Thomas.

analogous to the present one, the justice's entry of the judgment was in the words: "After hearing and duly weighing the testimony and authorities, it was found by this court that the plaintiff have and recover of the defendants, Ransdell & Reed, the sum of $29.50, as due him for services and labor done and performed, and for costs of this suit taxed as follows." The difference between this precedent and the example under consideration seems to be insignificant and immaterial.

The errors assigned and argued were:

1. The justice made no finding of fact.

2. If he did, it was not sufficiently definite and certain.

3. And is not responsive to all the issues, and the district court erred in affirming the judgment.

All these questions were presented. The court held that "the finding of facts by a court is in fact a substitution for the verdict of a jury. Had there been a jury in this case a proper verdict would have been, 'We, the jury, find for the plaintiff,' and assess his damages at $29.50.' That verdict, applied to the claim of the plaintiff and the counter-claim of the defendants, would have said, in effect, that the jury found the balance of that amount due to the plaintiff, on his account, after allowing all that the defendants were entitled to on their counter-claim. That, as I understand it, is in effect said by the finding of the justice of the peace in this case. There was only the one issue to be tried by the justice, that was the state of accounts between the plaintiff and defendant, as proven at the trial."

In examining the authorities cited by plaintiff in error I find that in the case of *Sprick v. Washington County*, 3 Neb., 255, and the case of *Demming v. Weston*, 15 Wis., 259, there was no finding of fact whatever, nor even an attempt to make one. In these cases it was not a question of whether the finding was sufficient, but the court says that there was no finding whatever, and the same applies to the case of *Crossley v. Steele*, 13 Neb., 221, cited by the plaintiff in error.

The finding in the case before us may not be written in as formal a manner as is sometimes customary. There is no prescribed form that justices of the peace uniformly follow, but it is substantially within the requirements of the statute.

In the case of *Garrett v. Wood*, 3 Kan., 231, the court says: "The language of the allegation is that the justice rendered judgment for the sum of $95, the value of said property, or a return thereof, and also for $20 damage and for costs. Now this, as properly described, is not a judgment for $115, but a judgment for $95, or the return of the property, and $20 damage. It may not have been formally written, but it is substantially in the form required by the statute. Some allowance must be made for informalities in the records made by these officers. They are chosen from the body of the people with reference to probity and good sense, rather than legal learning, and are not presumed to be experts in forms and technicalities. Their acts, however informal, if substantially in accordance with law, are to be upheld. When it can be ascertained from their dockets that they have in substance carried out the requirements of the law, a mere technical defect, or informality, should not be held sufficient to vitiate the proceedings."

In the case of *Degering v. Flick*, 14 Neb., 449, the court says: "This court will construe proceedings of a justice of the peace very liberally in all matters of mere form; nor will a purely technical objection be sufficient cause for a reversal of the case, unless the person complaining of the error has suffered injury thereby. It is the policy of the law to encourage trials upon the merits in order that justice may be administered, and he that relies upon purely technical grounds for the reversal of a case must show that he has sustained injuries by the alleged errors."

The judgment of the district court is

AFFIRMED.

THE other judges concur.