†G. & E. SIMPER v. LAURA WHITE.

1. **VALUE OF PROPERTY TO BE ASSESSED SEPARATE FROM DAMAGES.**

Under sec. 6616, Rev. Stat., as amended April 3, 1891 [88 O. L., 275] the verdict must assess the value of the property taken and delivered to the plaintiff separately from the other damages assessed, so that if the plaintiff elects to have the property returned, and it cannot be found, a judgment may be had for its value.

2. **ITEMS NOT TO BE VALUED SEPARATELY—ALL TAKEN OR NONE.**

The jury need not fix the value of each item separately, so that defendant may take part and leave part for his election must be to take all or none.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

The facts in this case, as shown by the record, are these:

On January 26, 1893, the plaintiffs in error commenced an action in replevin against the defendant in error before a justice of the peace in this city, alleging that they were the owners and entitled to the immediate possession of a large number of articles of personal property, specifically described in the affidavit, which were wrongfully detained from them by the defendant, Laura White, and the affidavit in other respects was in accordance with the statute. A writ of replevin and summons thereupon issued to a constable, returnable January 30, 1893, who duly returned the same with an indorsement thereon, showing that he had replevied a part only of the goods described in the writ, and had caused them to be appraised (separately), as shown by the appraisement made part of his return; but that the piano described therein, and which was appraised at $150, had, on January 27, 1893, been replevied from him, and taken by a constable in a suit brought by Smith & Nixon against said Laura White and others. The papers show an appraisement of all the goods so taken by the constable in this case, at the sum of $231.50; and, exclusive of said piano, the appraisement was $81.50.

The transcript further shows that "plaintiffs gave bond, with surety approved by the justice, and property released to plaintiffs." The original bond is with the papers, and is

---

† Cited and distinguished in Green v. Farrin, 5 Ohio Circ. Dec., 181, 182.

in the sum of $464, which is double the appraised value of the property originally taken, (including the appraised value of the piano), conditioned [as required by sec. 6616, Rev. Stat, as amended April 3, 1891, (88 O. L., 275) ] that the plaintiffs should duly prosecute the action, and that in case the judgment should be against them, they should then return the property taken, or pay the value thereof so assessed at the election of the defendant therein, and also pay the damages assessed for the taking, detention and injury of the said property, and costs of suit.' It will appear from the statement of the transcript that the property was released to plaintiffs, but as the return shows that the piano had been taken from the constable before this, it must mean that the property taken, other than the piano, was delivered to plaintiffs, and it is conceded by defendant's counsel that plaintiffs did not receive the piano.

A trial was had on February 6, 1893, and a verdict was rendered by the jury, in this form: "We, the jury, do find that the right of property and possession of said goods and chattels, when this action was commenced, was in the defendant, and we do assess defendant's damages herein at $300." Thereupon the justice rendered a judgment, "that said defendant recover of the plaintiff's possession of said goods, and damages herein assessed at $300, and also that defendant recover of the plaintiffs, her costs of this action, herein taxed at $———; and defendant on the same day elected to take said property, and an order to that effect issued by said justice. Whereupon plaintiffs, in open court, refused to surrender said property."

To reverse this judgment, a petition in error was filed in the court of common pleas, but it was there affirmed; and a petition in error has been filed in this court seeking the reversal of both judgments.

The principal ground upon which such reversal is sought, is, that the verdict of the jury, under the law as it now stands, was too indefinite and uncertain, and did not fix and assess the value of the property taken by plaintiffs separately from the damages sustained by the taking and detention thereof, and was not sufficient to warrant the judgment rendered thereon.

Prior to the amendment of April 3, 1891 (88 O. L. 275), there was no provision of the statute which gave to the defendant in a replevin proceeding the right to elect to have the property so taken from him and delivered to the plaintiff, returned to him on a verdict finding such defendant to be the owner, and entitled to the immediate possession thereof, with damages for its wrongful taking, detention or injury, or in lieu thereof, to have a judgment against the plaintiff for the value of the property as found and assessed by the jury, and for other damages assessed in his favor. The right of election, under the statute, seems to be given to the defendant on a judgment in his favor, and the bond which is to be given by the plaintiff when the property is turned over to him by the officer, obligates him to comply with this election of the defendant.

Under the statute formerly in force, the condition of the bond to be given when the property taken was delivered to the plaintiff, was that he should "duly prosecute this action, and pay all costs and damages that may be awarded against him;" and, under this law, on the giving of such undertaking, the interest of the defendant in the property taken vested absolutely in the plaintiff, and in the event of a judgment for the defendant he could only look to his judgment, and the bond given to secure it for his indemnity. There was no necessity, therefore, that the verdict of the jury should state the value of the property separately from other damages assessed.

But, under the law as it now stands, the interest of the defendant in the property taken only vests in the plaintiff conditionally on the giving of the bond, and if the defendant elects to have the property returned, he is entitled to it, and such return may be enforced if the property can be found; but if it can not, the defendant may have a judgment for its value as assessed by the jury, together with a judgment for the other damages assessed against the plaintiffs for the wrongful taking and detention thereof.

But if the property itself is returned to the defendant by the order of the court, at the election of the defendant, it would appear to be clear that the defendant is not, in addition to the property itself, to have a judgment for the value thereof; but only for the other damages as assessed. It would seem to be absolutely necessary, therefore, to a proper carrying out of the statute, that in a case

like that before us, the jury by their verdict must assess the value of the property taken and delivered to the plaintiff, and found to belong to the defendant, separately from the other damages assessed in favor of defendant, so that a judgment may be entered thereon which will conform to the rights of the parties.

We do not see, however, as claimed by the counsel for the plaintiffs in error, that it is essential, when all of the property taken is found by the jury to belong to the defendant, that the jury should fix the value of each item of property separately, so that the defendant might elect to take part of the articles, and leave part of them as the property of the plaintiff and have judgment against plaintiffs for the assessed value of those not reclaimed. In our opinion, the election of the defendant must be to take all or none. It would not be equitable or a fair construction of the statute, to allow the defendant to take some of the property, the value of which had been put by the jury at a low amount, and leave other property with the plaintiff, assessed at a high amount.

While we have no reported decision in this state under the present statute as to the assessment by the jury of the value of the property, separately from other damages for taking and detention and injury, our view is supported by the decisions in other states, where their laws are very similar to the recent enactment here: See 12 Ind., 404; 7 Mo. Ap., 66; 60 Mo., 64.

We therefore hold that the verdict in this case did not conform to the statute, and that the judgment based thereon was erroneous. It not only directed the return of the property to the defendant, but, in addition thereto, rendered a judgment for $300 against the plaintiffs, being for more than three times the appraised value of the property which was in controversy.

The judgment of the court of common pleas in affirming the judgment of the justice of the peace will be reversed, with costs. And, proceeding to render the judgment which that court should have rendered, the judgment of the justice of the peace will be reversed, with costs, and the case is remanded to the court of common pleas for execution as to the costs, all of which are awarded against the defendant in error; and that said cause be further proceeded with in said court of common pleas in accordance with law.

W. H. Pope, for plaintiff in error.

E. Potter Dustin and Jas. S. Meyers, for defendant in error.