BAUM IRON COMPANY v. UNION SAVINGS BANK.

FILED JANUARY 19, 1897. No. 6944.

1. **Verdict:** IMMATERIAL FINDINGS. A verdict which is responsive to all the issues made by the pleadings will not be rejected because of immaterial findings.

2. ———: JUDGMENT: VARIANCE. When a verdict is sufficient to authorize a judgment, and there is no substantial variance between it and the judgment, the case will not be reversed for an informality in the verdict.

3. Replevin: CONVERSION: DAMAGES. In replevin, where the property
has been returned to the defendant for the failure of the plaintiff
to give the statutory undertaking, and the action proceeds as one
for conversion, the measure of his damages, in case the right of
property and right of possession are found in his favor, is the mar-
ket value of the property, with lawful interest thereon.

ERROR from the district court of Douglas county.
Tried below before BLAIR, J. *Affirmed.*

*Kennedy & Learned,* for plaintiff in error.

*Frederick Shepherd, Hugh La Master,* and *McClanahan &
Halligan, contra.*

NORVAL, J.

A single question is presented for review, viz., whether
the judgment is supported by the verdict of the jury.

The Union Savings Bank instituted an action of re-
plevin against the Baum Iron Company to recover certain
personal property, of which the petition alleged plaintiff
was the owner and entitled to its immediate possession;
that the value of the chattels was $2,000; that defendant
wrongfully detained them, to plaintiff's damage in the
sum aforesaid. The prayer was for the return of the
property, or its value if not returned, and for damages for
the wrongful detention, and costs. The answer was a
general denial. The property was taken under the writ,
but the plaintiff having failed to give the undertaking
required by statute, the chattels were returned by the
officer to the defendant, and the action thereafter pro-
ceeded as one for damages only, under section 193 of the
Code of Civil Procedure, which resulted in the following
verdict being returned by the jury:

"We, the jury, duly impaneled and sworn to try the
issues joined between the said parties, do find for the said
plaintiff, that at the commencement of this action the
plaintiff was, and now is, entitled to the possession of the
following described articles, to-wit: 19 iron pulleys, 6
wooden pulleys, 40 feet of one and one-quarter inch shaft-

ing, 7 shaft hangers, 1 sand paper machine, 1 grindstone and fixtures, 1 ripsaw and stand, 1 buzz jointer, 1 boring machine, 1 trusser, 1 power windlass, 1 heading lathe, 1 wheel stave jointer and 5 saws, of the value of $715, and do assess his damage at the sum of $1.

"We further find that at the commencement of this action the defendant was, and now is, entitled to the possession of the remainder of said goods mentioned in the writ of replevin in this case.

"PERRY C. HOUGH,<br>
"<i>Foreman.</i>"

A motion for a new trial was made by the defendant, which was overruled by the court and judgment entered upon the verdict in favor of the plaintiff for the sum of $716, together with costs of suit.

It is argued that the verdict is wholly insufficient to authorize a judgment for plaintiff for more than $1 and costs, in that it did not pass upon the question of ownership of the property, but the right of possession merely, and hence the value of the property was not recoverable. This position is untenable. If the premises were true, obviously the conclusion drawn therefrom by counsel would inevitably follow. But the jury found more than the right of possession of part of the property in plaintiff. They found generally for the bank, which responded to the issue made by the pleadings that it was the owner of the chattels; and had the verdict contained no specific finding upon the question of possession, plaintiff would have been entitled to recover the value of all the property, with legal interest. But the jury having determined that the plaintiff had the right of possession of a part of the property only, its recovery was limited to the value of such portion, and interest. The action proceeded to trial, not for the recovery of the property, but as for conversion, to recover its value; and it is conceded by counsel that no specific findings as to ownership and right of possession were necessary. The soundness of the proposition cannot be successfully assailed. The verdict would have

been good had it merely found generally for the plaintiff, and assessed the amount of its recovery. (*Philleo v. Mc-Donald*, 27 Neb., 142.)   Such is the effect of the verdict in this case when the immaterial finding as to the right of possession is eliminated and disregarded as surplusage. If such finding had been omitted, the verdict would nevertheless have been responsive to the issues to be tried; and a verdict will not be rejected because informal or containing immaterial findings. (*Degering v. Flick*, 14 Neb., 448; *State v. Beal*, 48 Neb., 817.)   Counsel for defendant misconstrue the force and effect of the verdict returned when they say that it finds the right of possession alone in the plaintiff of a portion of the property, and is silent as to ownership.   The first finding of the jury upon the issues joined is "for the said plaintiff."   The right of property, as well as the right of possession, was involved, and both of these were determined in favor of the bank by the finding "for the said plaintiff," and it was limited only by the special findings as to right of possession. The decisions cited by defendant below do not sustain the contention of its counsel that the jury failed to pass upon the ownership of the property, since the verdict in each of such cases differed materially from the one under consideration.   Thus, in *Holt v. Van Eps*, 46 N. W. Rep. [Dak.], 689, the verdict returned was: "We, the jury, find that the plaintiff is entitled to the possession of the property, and find its value to be $650, and assess his damages to be $75;" and in *Yick Kee v. Dunbar*, 26 Pac. Rep. [Ore.], 275, the verdict read: "We, the jury in the above entitled action, find that the plaintiff is entitled to the possession of the property described in the complaint, and assess the value thereof at $6,000, and that plaintiff has been damaged by the detention thereof $——."   In neither of those cases was there a general finding for the plaintiff, but merely an adjudication upon the question of the right of possession to the property.   The same is true of the other cases cited by defendant below.   Manifestly a verdict like either of those above quoted would not be sufficient to

warrant a judgment for the value of the property, since such a recovery cannot be had upon a mere right of possession. *Phipps v. Taylor*, 16 Pac. Rep. [Ore.], 172, was replevin, and the verdict found the right of possession of a portion of the property in plaintiff and the remainder in the defendant, but was wholly silent as to the question of ownership; hence it is not an authority for holding that the verdict in this case is defective in substance. The same observations apply to *Child v. Child*, 13 Wis., 18, and *Appleton v. Barrett*, 22 Wis., 568, in neither of which did the verdict determine the title to the property. The case of *Smith v. Phelps*, 7 Wis., 211*, cited by defendant below in this action, was overruled by the same court in *Everit v. Walworth County Bank*, 13 Wis., 469, in so far as it decided that the verdict there under consideration was insufficient. In the Everit case, which was replevin, the verdict was sustained as sufficient in substance, which was in this language: "The jury find for the plaintiff; they find the value of the property in question to be $600, and assess its damages at the sum of six cents." Strike out of the verdict before us the specific finding as to possession, and it is substantially like the one last above quoted. *Ela v. Bankes*, 37 Wis., 89, was an action to recover possession of certain crops, in which the jury found "for the defendant, and that he was entitled to the possession of the property," and also found its value and his damages for its detention. It was held that the verdict was a finding that the property belonged to the defendant and disposed of all the issues in the case. To the same effect are *Hall v. Jenness*, 6 Kan., 356; *Cain v. Cody*, 29 Pac. Rep. [Cal.], 778.

We are constrained to hold that the verdict in this case determined the right of property in favor of plaintiff below, and is responsive to every issue the jury were required to pass upon. The verdict, it is true, is somewhat irregular in the matter of the assessment of the amount of recovery, in that it does not specifically state the aggregate amount to which the jury

deemed him entitled, but merely found the value of the property to be $715, and assessed the amount of the damages at $1. It is not for these reasons fatally defective. The amount of recovery was not left indefinite, but was easily ascertainable without going outside of the verdict, by adding together the value and damages specifically determined by the jury. The measure of plaintiff's recovery was the market value of the property, of which the title and right of possession were found to be in plaintiff below, with lawful interest thereon from the date of the unlawful taking to the first day of the term of court at which the trial was had. Interest was an element of damages, and the presumption must be indulged that the amount awarded therefor is represented by the $1 assessed as damages.

It is argued that the valuation of the property at $715 cannot be regarded as equivalent to an assessment of damages in that sum, and *Black v. Winterstein*, 6 Neb., 224, is cited to sustain the contention. That was replevin, the property being taken under the writ and possession delivered to plaintiff. The jury simply found the right of possession in the defendant and assessed the value of the property, but omitted to assess his damages, nevertheless the court rendered judgment for the defendant for the amount of the value returned by the jury, less $55, the sum remitted by the defendant. In that case the ownership of the property was not found to be in the defendant, but the mere right of possession; hence it lacks analogy. LAKE, C. J., in the opinion, observed: "If the jury had found the right of property, as well as the right of possession, in the defendant, then the true measure of damages would have been its fair market value." The verdict herein supports the judgment, and the latter is accordingly

AFFIRMED.