## Smith and others vs. Stoller.

STATUTE OF FRAUDS—SALE OF CHATTELS: (1.) *The question of acceptance for the jury.* (2.) *What constitutes acceptance.*

1. In case of an oral contract for the sale of goods for fifty dollars or more, the question, whether the buyer has received and accepted any part of them, is rather one of fact for the jury than one of law for the court.
2. Where tea, valued at more than fifty dollars, was sold by sample, and a chest of it delivered to the buyer as in pursuance of the con-

tract, which, after opening it, he undertook to return, it was not error to instruct the jury, in substance, that if he received the tea with intent to accept it in case it should agree with the sample, and if they found that it did in fact agree with the sample, then there was a complete acceptance, and he was liable for the price.

APPEAL from the Circuit Court for *Rock* County. Action for the value of a chest of tea alleged to have been sold and delivered to the defendant. The defendant appealed from a judgment in favor of the plaintiffs. The nature of the defense, and the exceptions taken, will sufficiently appear from the opinion.

*Bates & Nichols*, for appellant, cited *Shindler v. Houston*, 1 N. Y. 261, and authorities there cited.

*Isaac Rogers*, for respondents, cited Chitty on Con. (9th Am. ed.) 352; *Curtis v. Pugh*, 10 Q. B. 111, 114; *Boulter v. Arnott*, 1 C. & M. 333; 3 Parsons on Con. (5th ed.) 45–47, citing *Morton v. Tibbett*, 15 Q. B. 428; *Ganson v. Madigan*, 13 Wis. 72; *Woodle v. Whitney*, 23 id. 55. To the point that the question of acceptance was for the jury, he cited *Corning v. Colt*, 5 Wend. 253; *Vanderbilt v. Eagle Iron Works*, 25 id. 665; *Gray v. Davis*, 10 N. Y. 285; 3 Parsons on Con. 41.

COLE, J. The questions of fact in this case seem to have been fairly submitted to the jury under proper instructions. The only contested point is, whether there was such an acceptance and receipt of the tea by the defendant as to satisfy the statute of frauds and render him liable for the contract price. The price of the tea was more than fifty dollars, and there was no note or memorandum of the contract in writing. The sale of the tea was by sample, and one question upon the trial, and the only one we have to consider here, is, whether the sale was valid under the statute. The question in regard to what constitutes a delivery under the statute, and what constitutes an acceptance, is rather one of fact for the jury than of law for the court. 3 Parsons on Con. (5th ed.)

Smith and others vs. Stoller.

41. The circuit court directed the jury that, in case of a sale of goods by sample, there was an implied contract on the part of the seller that the goods sold were of as good quality as the sample, and that unless the tea sold the defendant was as good as the sample shown him by the plaintiffs, the defendant had the right to refuse to receive it, and, if he did receive it, to return or offer to return it within a reasonable time. The court further charged that if the jury found that the tea was not as good as the sample, there could be no recovery, " for there was no doubt that the defendant refused, within a reasonable time after he examined it, to keep the tea." But if they found that the chest of tea was as good as the sample, then they must consider the further question, whether the tea was delivered to the defendant and accepted and received by him. And upon the question of delivery by the plaintiffs and acceptance and receipt by the defendant, the court proceeded to charge, as follows: " Before you can find such delivery and acceptance of the tea, you must be satisfied, by a preponderance of the evidence, that the plaintiffs transferred the possession and control thereof to the defendant with the purpose and effect of putting the goods out of their hands, and that the defendant intended to retain the possession and control thereof. But if you are satisfied, in like manner, that the defendant did not accept, and did not intend to accept, the tea at all until he should examine it, and that immediately after such examination he refused to accept the same, then there was no valid acceptance; but if there was a delivery thereof to the defendant, and he intended to keep it if it was as good as the sample, and if it was in fact as good as the sample, that was a valid and binding acceptance by the defendant."

Now, although no objections were taken to this charge by either side, it is just that it should be considered in connection with the instructions asked on

the part of the plaintiffs, which are particularly excepted to by the defendant. And those instructions are the first and fifth, which are as follows:

"1st. If the jury find from the evidence that in the month of October, 1869, at the city of Janesville, the plaintiffs delivered to the defendant the chest of tea in question; that the tea was weighed at the time by the parties, and the price therefor agreed upon; and that the defendant then intended to keep the tea if it agreed with the sample shown to him by the plaintiffs; and if the jury find from the evidence that the tea did accord with the sample, then there was a complete acceptance of the tea by the defendant, and the verdict should be for the plaintiffs.

"5th. If the jury find from the evidence that the tea was sold by sample; that the same agreed with the sample; that it was delivered into the possession of the defendant without objection from him at the time of delivery; then such delivery, with knowledge of the defendant and without objection from him, constituted an acceptance by the defendant, and the verdict must be for the plaintiffs."

It will be observed that the court had in effect charged, that to satisfy the statute there must be a delivery of the tea by the plaintiffs with the intention of vesting the possession in the defendant, and that there must be an actual acceptance by the latter with the intention of keeping it if it agreed with the sample. And it appearing that the tea did agree with the sample, then certain acts—such as weighing the tea, agreeing upon the price, and delivering it into the possession of the defendant without objection from him at the time—would be such a delivery, acceptance and receipt as to satisfy the statute and make the contract valid.

On the whole charge, we cannot see but the court properly ruled upon the statute of frauds, and the jury must have found such an acceptance and receipt of

.the tea by the defendant as to render him liable for the contract price. That there was sufficient evidence to sustain such a finding there can be no doubt.

We therefore think the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.