John F. Comstock & Co., Appellants, *v.* John Affœlter, Respondent.

1. *Carriers, agency of*— *Shipments by usual channels, when none are named* — *Effect of.*—Where goods are ordered and no specific instructions are given in regard to the shipment — there being a regular carrier, such as a railroad running between the two places—a delivery, with proper directions, to such carrier, for the purchaser, is held to be a constructive delivery to him; and the goods become at once his, subject only to the right of stoppage *in transitu.* But the goods must be forwarded through the usual channels, and channels supposed to be in contemplation of the purchaser.

*Appeal from Carroll Circuit Court.*

*Hall & Oliver*, for appellants.

The delivery of goods to a carrier, for the purpose of transferring them to the purchaser, is a delivery to the purchaser. (2 Kent's Com. 499.)

*L. H. Waters*, for respondent.

Bliss, Judge, delivered the opinion of the court.

This suit was for the price of a bill of goods alleged to have been sold and delivered to defendant, and the only controversy is in regard to the delivery. The plaintiff's salesman and traveling agent testified that he called upon defendant at Carrollton and sold the goods; that the understanding was that they were to be shipped so that they would be received in less time than by river, and that they were shipped at once by the Merchants' Union Express Company. He also spoke of having sold another bill of goods which was paid for, and which had been shipped by the river. The defendant testified that the agreement was to deliver the goods to him at Carrollton within ten days, and that he never received them or heard from them. This was the substance of all the testimony. There was no evidence of any direction in regard to the manner of shipment, or that said express company was a common carrier, or the usual carrier between St. Louis and Carrollton, or that goods were ever shipped by it to that place, or that any notice was given defendant of the shipment.

The plaintiff asked two instructions, which were refused, one of which was to the effect that if the goods were sold at the prices charged, to be shipped to defendant, and were actually shipped by the company named, he is responsible although they were not received; and the other was the same, only that in the latter notice of the shipment was supposed.

When goods are ordered and no specific instructions are given in regard to the shipment, a delivery, with proper directions, to the usual carrier, for the purchaser, is held to be a constructive delivery to him; and the goods become at once his, subject only to the right of stoppage *in transitu*. The purchase with general directions to ship, would authorize a shipment in the usual way, and the carrier would become the agent of the purchaser. (2 Kent, 499 and cases cited; 2 Hilliard Sales, 118, 123.) There are authorities to the effect that the purchaser must designate the carrier in order to make him his agent; but when there is a regular carrier, as a railroad running between the two places, it is believed that a general order would imply an order to send in the usual way, unless another mode is pointed out.

But in the case at bar it does not appear that the express company was the usual carrier, or even a carrier at all, only as might be inferred by its name; nor were any facts shown that would justify a shipment by it. It is not enough for the vendor to forward the goods sold by any person or persons, but they must be forwarded through the usual channels, and channels supposed to be in contemplation of the purchaser.

I think the instructions were properly refused, and that the judgment should be affirmed. The other judges concur.