———O———

J. W. DELVENTHAL, *et al.*, Appellants, *vs.* BENJAMIN F. JONES, Respondent.

1. *Practice, civil—Trials—Depositions—Informalities—Objection, when to be made.*—Objections to depositions on the ground of irregularities come too late at the trial. The proper way is to file a motion to suppress the depositions.

2. *Frauds, statute of—Goods worth over $30—Contract of sale, when not admissible in evidence.*—A contract of sale of goods, worth over $30, is not admissible in evidence, unless the buyer accepted part of the goods sold, and actually received the same, or gave something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing be made of the bargain, and signed by the parties or their agents lawfully authorized. [W. S., 657, § 6.]

*Appeal from St. Charles Circuit Court.*

*E. A. Lewis,* for Appellants.

Delventhal, et al. v. Jones.

I. The evidence of defendant's claim was inadmissible. The mere delivery of the sacks by plaintiffs to defendant was no acceptance or receipt of the goods purchased, nor was any such part performance by either party, as could take the case out of the statute of frauds. (W. S., 657, § 6 ; Harvey vs. Butcher's Ass'n., 39 Mo., 211 ; Cunningham vs. Ashbrook, 20 Mo., 562 ; Hatch vs. Bayley, 12 Cush., 27.)

*Frank T. Williams*, for Respondent.

I. The delivery of the sacks by plaintiffs to defendant was sufficient to take the case out of the statute of frauds.

II. The depositions were properly admitted in evidence, no objection having been made by plaintiffs before defendant offered to read them upon the trial. Plaintiffs ought to have taken their objections by a motion to suppress the depositions before going into the trial.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiffs brought suit before a justice of the peace against the defendant, on an account for $26.70 for sacks sold and delivered to him.

He admitted the correctness of the demand, but set up as an off-set thereto, that he had sold to plaintiffs 500 bushels of oats, at 40 cents per bushel ; that they were to furnish the sacks in which to place the oats, and that the oats were then to be delivered to plaintiffs ; that the sacks were thus furnished and filled with the oats, but plaintiffs, upon the oats being hauled to the point agreed upon, declined and refused to accept the same, by which refusal defendant was damaged in the sum of $64 91, for which he asked judgment, after the deduction of the amount confessed to be due plaintiffs.

The defendant had a verdict before the magistrate, the plaintiffs appealed to the Warren Circuit Court, from whence the venue was changed to the Circuit Court of St. Charles county, where the defendant again had a verdict and judgment accordingly, to reverse which judgment this cause comes up here on appeal.

During the progress of the second trial, the defendant was

introduced as a witness, and it was offered to prove by him, that he had sold the plaintiffs the oats at 40 cents per bushel; that plaintiffs were to furnish the sacks, which they did; that defendant offered to deliver the oats to plaintiffs in pursuance of the agreement, but that they declined and refused to accept the same, and the defendant thereupon sold the oats for the best price that could be obtained, &c., &c.

The plaintiffs objected to the introduction of this testimony on the ground (among others), that the alleged contract of sale was for goods exceeding in value the sum of $30; that there was no part of the purchase price paid, no note or memorandum in writing signed, no part of the oats delivered, and nothing given in earnest to bind the bargain, and that therefore the statute of frauds barred the defendant's set off.

The court overruled these objections, permitted the defendant to testify as above, and the plaintiffs excepted.

The court also allowed the defendant to read in evidence the deposition of one Merriman, to the reading of which the plaintiffs likewise objected, on the ground of various informalities, but their objections were overruled and they again excepted, and after verdict called the attention of the court to the error complained of by motion for new trial.

There was no error in the action of the court in respect to the deposition, the objection to which came too late.

A party should not be permitted to lie by and lull his adversary into a sense of security by failure to file any motion to suppress his depositions, thus induce him to announce himself ready for trial, and then count on springing the question of some informality on him, for the first time, when he offers to read those depositions in evidence.

But the objections of the plaintiffs were well taken to the introduction of the defendant's testimony in support of his set off.

Under our statute of frauds, when the price of the article contracted for exceeds $30—"unless the buyer shall accept part of the goods so sold, and actually receive the same or give something in earnest to bind the bargain, or in part pay-

ment, or unless some note or memorandum in writing be made of the bargain, and signed by the parties " * * * or their agents lawfully authorized—the contract of sale is void; and this sixth section of our statute, save as to price, is almost a literal transcript of section seventeen of the English statute of frauds. In the present instance none of the above modes of statutory designation—whereby the nullifying effects of the law respecting executory contracts of sale could have been avoided—were pursued.

It has been the uniform inclination of the courts of this State—and for the most part of courts elsewhere, both in England and in this country—to give the words of this statute full effect, and to refuse to sanction such a latitudinous construction of those words as would give rise to all the evils that the statute was enacted to prevent. (Kirby vs. Johnson, 22 Mo., 354; Lovelace vs. Stuart, 23 Mo., 384; Harvey vs. St. Louis Butchers' Association, 39 Mo., 211; Smith's Merc. L. 578, et seq.; B's. Stat. Fr., §§ 316, 317; Shindler vs. Houston, 1 N. Y., 261; Meredith vs. Meigh, 2 El. & Black., 363; Cusack vs. Robinson, 1 Best. and Sm., 297.)

The judgment is reversed, and the cause remanded; the other Judges concur.