TUTTLE & PIKE, Respondents, v. BRACEY-HOWARD CONSTRUCTION COMPANY, Defendant; THE A. JOEBLING'S SONS COMPANY, Interpleader, Appellant.

Kansas City Court of Appeals, March 1, 1909.

1. SALES: Passing Title: Agency: Corporation President: Evidence. On the evidence the party effecting a sale between the defendant and interpleader is held to be the defendant's agent and that the interpleader so understood it and that defendant's president had full power to act in the premises and bind the defendant.

2. ———: Meeting of Minds: Passing Title: Shipment. *Held*, further, on the evidence the minds of the parties met, the sale was completed by delivery of the merchandise to the carrier and the title vested in the defendant.

3. ———: Rescission: Possession: Reasonable Time. Although an attempted rescission had sufficient consideration it is held to be ineffectual against an attaching creditor because of unreasonable delay by the seller in taking possession of the property sold after the rescission.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans*, Special Judge.

AFFIRMED.

*House & Manard* for appellant.

(1) The title to the wire in question never passed from the interpleader to defendant. No order for this wire was ever given by any one having authority to purchase it. There is no such order shown in the correspondence. (2) To this point we invite the court's earnest attention. There is not a word before the court which is evidence of authority on the part of Mr. Bracey, and such authority cannot be assumed merely because it appears that he was president of the Bracey-Howard Construction Company. 10 Cyclopaedia of Law and Procedure, p. 903; Jones v. Williams, 139 Mo. 1; Ferguson & Wheeler v. Transfer Co., 79 Mo. App. 352; Sparks v. Transfer Co., 104 Mo. 531; Madden v. Realty Co., 75 Mo. App. 358; Moore v. Gaus, 113 Mo. 98; Degnan v. Thoroughman, 88 Mo. App. 62; Rosenbaum v. Gilliam, 101 Mo. App. 126. (3) The negotiations carried on by the B-R Electric Company with the interpleader were never crystallized into any definite agreement between interpleader and defendant, so that it might be said that the minds of the parties had met. (4) Even if a contract was entered into, the fact that the sale was rescinded before the attachment of defendant defeats plaintiffs' claim. Schermerhorn Bros. Co. v. Herald, 81 Mo. App. 461; Best v. Threshing Machine Co., 84 Mo. App. 339; Fine v. Hornsby, 2 Mo. App. 61; Kloes v. Wurmser, 34 Mo. App. 453.

*Sebree, Conrad & Wendorff* and *Thad B. Landon* for respondents.

(1) There was such a transfer of the possession and right of property in the wire attached as to vest in

the defendant title to the property attached in defendant, and render it subject to attachment.    Bank v. Smith, 107 Mo. App. 178; Bloom's Sons Co. v. Haas, 130 Mo. App. 122; Scharff v. Meyer, 133 Mo. 428; R. S. 1899, sec. 3412; Johnson-Brinkman Co. v. Bank, 116 Mo. 558; Parlin, Etc., v. Hurd, 78 Mo. App. 279; Collins v. Wilhoit, 108 Mo. 451; Degnan v. Thoroughman, 88 Mo. App. 62; Rosenbaum v. Gilliam, 101 Mo. App. 126; Ferguson v. Transfer Co., 79 Mo. App. 352, and cases cited; Sparks v. Trans. Co., 104 Mo. 531.    (2) The sale was not rescinded before the attachment was levied.  R. S. 1899, sec. 3410; Nicholson v. Merstetter, 68 Mo. App. 441, and cases cited; Chetwood v. Zinc Co., 93 Mo. App. 225; Dyer v. Balsley, 40 Mo. App. 559; Commission Co. v. Hunter, 91 Mo. App. 418, and cases cited; Dry Goods Co. v. Buchanan, 79 Mo. App. 528; Trust Co. v. Brown, 177 Mo. 412; Beebe v. Hatfield, 67 Mo. App. 609; Stein-Block v. Hill, 100 Mo. App. 38; Bedault v. Wales, 20 Mo. 546; Strauss v. Hirsch, 63 Mo. App. 95; Publishing Co. v. Hull, 81 Mo. App. 277; Nichols v. Stevens, 123 Mo. 96; Murray v. Transit Co., 176 Mo. 183.

BROADDUS, P. J.—Interplea.  The plaintiffs instituted suit against defendant and caused writ of attachment to be issued, under which was seized as property of defendant six spools of copper wire which was found in a warehouse situated in Kansas City.  The appellant filed its interplea in the cause claiming ownership of the property attached, and afterwards executed its bond to the sheriff in the sum of $3,024, and obtained possession of the wife.  By agreement the cause was tried before the Hon. Andrew F. Evans as special judge.  The judgment was in favor of the plaintiff and the interpleader appealed.

The facts are as follows:  During the year 1903 defendant was engaged in the construction of what was known as the Kansas City & Olathe Electric Railway.

On September 4th the B-R Electric & Telephone Mfg. Company, in behalf of defendant, wrote to interpleader at Chicago, where it had an office for the transaction of business, asking for quotation of prices for material. On September 8th interpleader replied, quoting prices. On September 9th the B-R Company telegraphed that the prices were satisfactory if interpleader would take "Acceptance of Bracey-Howard Construction Company, Chicago, ninety days from date." On September 10th interpleader replied that they would accept the terms on the condition that the B-R Company would endorse the acceptance of the defendant. The B-R Company refused to agree to the arrangement and stated that it was not to be held liable for the wire. The interpleader then required that defendant furnish a financial statement of its condition. This statement was furnished on the 14th of October, 1903. Previously, the interpleader, on September 17, 1903, wrote the B-R Company that it was willing to furnish the material on defendant's credit, taking notes and waiving the endorsement of the B-R Company, and asking for an order direct from the defendant, which was furnished on September 24th by B-R Company. On September 26th the interpleader by letter to defendant acknowledged receipt of the order for the wire which was to be delivered f. o. b. Trenton, New Jersey, and in settlement thereof agreed to accept defendant's ninety days' acceptance to bear six per cent after thirty days. This order was sent from the Chicago office to interpleader's office at Trenton to be filled. After this, there was much correspondence as to the routing of the material and some changes were made in the kind and grade of the material to be furnished. On October 27th interpleader shipped f. o. b. Trenton $11,984.50 worth of wire consigned to defendant at Kansas City. On the 28th another shipment of the value of $4,991.51 was made consigned as the first shipment. On November 19th interpleader sent to defendant at Chicago a

monthly statement of account including the two ship-
ments. The wire arrived in Kansas City sometime
about the 19th day of November and was stored in a
warehouse under the charge and control of defendant.
It remained in the warehouse until December 23rd
when the six spools mentioned were seized by the sher-
iff under the writ of attachment issued in this case.

After the shipment of the wire, a difficulty arose
between interpleader and defendant with reference to
the execution by defendant of the notes to be given for
the material, and the further shipment of wire was
withheld by interpleader until the matter could be ad-
justed. The interpleader and defendant by correspond-
ence entered into an agreement by which the wire was
to remain in defendant's warehouse subject to its order,
but before interpleader could take possession it was at-
tached as stated. The following stipulation was entered
into by the parties at the trial, viz.: "That the wire
attached in this case and claimed in the interplea was
a part of the wire referred to in the correspondence in
evidence and was shipped to Kansas City by the inter-
pleader consigned to defendant. That upon its arrival
at Kansas City it was taken possession of by James E.
Tryon, as engineer of said defendant, Bracey-Howard
Construction Company, and was by him stored in a
warehouse, where it was attached, which warehouse had
been rented by the defendant through its agent, James
E. Tryon, and which warehouse was used by the de-
fendant for storing said wire, as well as the tools, im-
plements and other property of defendant." The de-
fendant in the transaction acted through its president,
a Mr. Bracey.

The position of interpleader in the trial court and
in this is as follows: That the title to the wire at-
tached never vested in the defendant; and that, if there
was a sale of the wire, it was rescinded and the title
thereby revested in the interpleader. The court de-
clared the law to be that there was such a transfer of

the possession and right of property in the wire from the interpleader to the defendant as to vest title in the defendant; and that the attempted retransfer of the property to the interpleader by defendant, so far as the plaintiff's right of attachment was concerned, was void.

The interpleader insists that there is no evidence going to show that any one with authority upon the part of defendant made the order for the wire. The financial statement made by the defendant upon request of interpleader through the intermediation of the B-R Company goes to show that the latter was acting in the capacity of agent for defendant. And the letter of interpleader of September 26th to defendant acknowledging receipt of the order for the wire made by the B-R Company shows conclusively, in our opinion, that there was a perfect understanding that the latter company had full authority to act for the defendant. The interpleader undoubtedly believed that such was the case and was induced thereby to ship the wire. But it is insisted that it was not shown that Mr. Bracey, who purported to act in behalf of defendant, had authority for that purpose. He was president of defendant and as such was its chief officer and, in the absence of any regulation of the defendant company, it will be presumed that he had full authority to act in the premises. The act in question was not one that required the consent or direction of the board of directors of the defendant.

It is claimed that the minds of the parties did not meet and therefore there was no sale. In the face of the testimony, we do not see how this contention can be sustained in view of the fact that the order for the wire was made with the knowledge of defendant and as such accepted by interpleader, and the wire shipped as stated. The amount of wire to be delivered, the price and the terms of payment were all specifically provided for and understood by all parties. The goods were

first to be delivered at the price stipulated, upon which defendant was to make payment by executing the acceptances. It was a sale on ninety days' time. The sale itself was complete on delivery of the material f. o. b. Trenton. The title passed upon the shipment of the wire. There was no reservation of title in the interpleader until the wire was paid for. The delivery to the carrier as its agent or bailee vested the title in the defendant. [Scharff v. Meyer, 133 Mo. 428; Comstock v. Affoelter, 50 Mo. 411.]

The interpleader contends that whatever arrangement it had with the defendant it was rescinded before the service of the attachment and that thereby the title was revested free from the claim of creditors of defendant. Under the circumstances, there was a sufficient consideration for the rescission, the defendant having failed to make payment as agreed. But, there having been no fraud upon the part of defendant in the purchase of the wire, the transaction must be treated in the light of an ordinary sale unaccompanied by delivery at the time and not in writing, acknowledged and recorded, as provided by section 3410, Revised Statutes 1899. This section has often been construed, and it is held a sale not accompanied by a delivery in a reasonable time, regard being had as to the situation of the property, is void as to creditors. [State ex rel. v. Goetz, 131 Mo. 675; State ex rel. v. Hall, 45 Mo. App. 298.] It was a question of law for the court, under the evidence, to say whether interpleader had taken possession within a reasonable time. The finding, we believe, was proper. It was the duty of defendant to have removed the wire from the possession of defendant with reasonable dispatch after the agreement to rescind. Instead of doing so, it delayed its attempt for about twenty days when its action was anticipated by seizure of the sheriff under the writ of attachment.

Interpleader has called our attention to cases

where goods have been obtained by fraud and in which the rule is different; but, as fraud does not enter into this contract, they need not be considered.

Affirmed. All concur.